J-S10029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JASON DAVID ECHEVARRIA | : | |
| Appellant | : | No. 1108 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 3, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000599-2019

BEFORE:  BOWES, J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.:                **FILED: APRIL 11, 2025**

Appellant, Jason David Echevarria, appeals from the judgment of sentence entered on July 3, 2024.  We affirm.

On January 9, 2019, the Commonwealth charged Appellant with persons not to possess firearms and firearms not to be carried without a license.[1]  On June 26, 2020, a conference order was issued, declaring that Appellant and Appellant's attorney, Anthony Damiano, Esq. ("Attorney Damiano"), were scheduled to appear on September 4, 2020, for the call of the list, and on September 14, 2020, for trial.  Conference Order, 6/26/20, at 1.

On August 3, 2020, George S. Yacoubian Jr., Esq. ("Attorney Yacoubian"), entered his appearance on behalf of Appellant and, on August 14, 2020, Attorney Yacoubian filed a "Motion to Assess [Appellant's]

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1) and 6106(a)(1), respectively.

Competency Pursuant to 50 P.S. § 7402." The trial court granted the motion to assess competency on October 2, 2020. Trial Court Order, 10/2/20, at 1. Further, on August 24, 2020, Attorney Yacoubian requested a continuance of the criminal proceedings. The trial court granted the continuance and, on September 4, 2020, the trial court ordered Appellant and Attorney Yacoubian to appear on October 9, 2020, for the call of the list, and on October 19, 2020, for trial. Conference Order, 9/4/20, at 1.

At the October 9, 2020 call of the list, the trial court issued another conference order, declaring that the matter was "continued by [Appellant]" and that the parties would next meet at a status conference on January 29, 2021. Conference Order, 10/9/20, at 1.

On January 5, 2021, Attorney Yacoubian filed a motion to withdraw as Appellant's counsel. Within this motion, Attorney Yacoubian declared that Appellant was assessed as competent to stand trial, but that Attorney Yacoubian "finds it impossible to communicate with [Appellant], as he steadfastly refuses to accept the posture of his case and [Attorney Yacoubian's] recommendations." *See* Motion to Withdraw, 1/5/21, at 1.

Notwithstanding Attorney Yacoubian's motion to withdraw, the trial court directed Appellant and Attorney Yacoubian to appear for the January 29, 2021 call of the list. *See* Notice of Call of the List, 1/7/21, at 1. At the January 29, 2021 call of the list, the trial court issued another conference order, declaring that "following a conference in the . . . matter," the case was

rescheduled for the call of the list on March 5, 2021, and for trial on March 15, 2021.  Conference Order, 1/29/21, at 1.

At the March 5, 2021 call of the list, Appellant was again represented by Attorney Damiano and the trial court issued another conference order.  This order declared that the matter was again "continued by [Appellant]" and that the next status conference was to occur on April 22, 2021.  Conference Order, 3/5/21, at 1.

On May 31, 2021, Shaka M. Johnson, Esq. ("Attorney Johnson"), entered his appearance on behalf of Appellant.  On July 29, 2021, Appellant and Attorney Johnson were notified that they were directed to appear for the call of the list on August 13, 2021.  Notice of Call of the List, 7/29/21, at 1. Appellant and Attorney Johnson appeared at the August 13, 2021 call of the list and, that day, the trial court issued an order declaring that the case was "ready for trial – remains on list."  Conference Order, 8/13/21, at 1; **see also** Trial Court Opinion, 9/30/24, at 10 (the trial court noted:  "Appellant was present at the call of the list held on August 13, 2021").

Appellant's case was called for trial on August 23, 2021.  Appellant did not, however, appear for his trial.  Indeed, as the trial court explained: although Appellant "kn[ew] that trial was commencing August 23, 2021, . . . Appellant voluntarily entered rehab . . . and did so without notifying the [trial] court."  Trial Court Opinion, 9/30/24, at 10.  Specifically, the following conversation occurred on the morning of August 23, 2021, between the Commonwealth, Attorney Johnson, and the trial court:

The Commonwealth: The first thing to sort out is [Appellant] has not appeared. I believe now would be a good time for [Attorney] Johnson to state the reasons or, rather, his communication with [Appellant] informing him of this date and time for trial.

Attorney Johnson: If I may, Your Honor. . . . It would be my formal request for a continuance, Judge. I had contact with [Appellant] as recently as Friday of last week, and he's in a rehab facility here in Lancaster. The rehab center did call. If I spoke to him on Friday, the rehab center called my office on Wednesday to confirm his attendance.

Let me back up a little bit. Tuesday, the family called and said he is in rehab. That was just the family saying that. On Wednesday, the rehab facility called and confirmed that. Apparently, you can get your cell phone -- you can have outside communication after a couple of days. So they left a phone number for me to call him back.

I called him back. . . . I spoke to him on Friday with my paralegal on a three-way, and advised him that he had to be -- in summary -- in trial this morning, very likely it will not be continued, but he needed to be here.

[Appellant] is not thumbing his nose at the Court, but he seems to be taking a little more interest in his sobriety at this moment.

Trial Court: Like prisoners who all of a sudden find Jesus when they go to prison.

Attorney Johnson: I will say, though, Judge, he did sound mush-mouthed, largely incoherent. It was lot of rambling when he talked. When I would talk, he almost couldn't hear me. I kept checking to see if the phone was on mute because, as I was talking, he talked like I wasn't even there. That went on for some time, but I was able corral his attention, and, ultimately, he indicated that likely he wasn't going to be here this morning.

- 4 -

When we concluded that phone call, I sent a text message, sort of a one-way communication, indicating he still has to be here today.

This morning, I sent him a text message asking, I know you're in rehab, but advise me if you're planning on coming late or at all.

I didn't get any response.

So my request, Judge, because we do know where he is, what he is doing, unlike other people that just abscond and we have no knowledge of their whereabouts, we know that [Appellant] is dealing with his drug issues. I'm no clinician, but what I heard, it sounds like he is in the throes of something. But he is not here today, I understand.

I am asking the Court for a short continuance. We know he is probably in the seventh or eighth day into a 28-day stay. So a three-week continuance would be after the 28 days, after he would be released from that -- and even if the Court would be willing to put a bench warrant on him, that once he is released from rehab, he will go into custody, and then we don't have to be concerned about what he did after that. He would go to trial and he would be here to participate.

That is my request.

. . .

The Commonwealth: Your Honor, the Commonwealth is prepared to proceed today, ready for trial. I believe this is [Appellant's] fourth attorney that he had on this case. I think this is the second time that he has entered -- second or third time he has entered a rehabilitation facility just prior to call of the list or his trial date.

I ask Your Honor to move forward with this trial because [Appellant] was aware of the time and date of his trial, where the location of the trial is. He was aware he had to appear for trial and has voluntarily absented himself.

To my knowledge, this is not any sort of secure facility where he would be unable to make himself available.

- 5 -

> Trial Court: This actually is President [Judge David L.] Ashworth's case. He asked me last week if I would be willing to conduct this trial starting this week which, of course, I agreed to do so.
>
> The conference I had with him, this is standard procedure for [Appellant] in this matter to fail to appear for trial, giving the excuse ahead of time that he checked into rehab and/or needs to hire another attorney.
>
> It's my understanding, talking to [President Judge] Ashworth, that this is at least the fourth or maybe fifth defense attorney that [Appellant] has had. It's been multiple times [Appellant] suddenly checks himself into rehab, knowing he has to appear for trial the next week.
>
> According to him, as well as his secretary -- him meaning [President] Judge Ashworth in contact with [Appellant's] counsel last week, told him there would be no excuses accepted and this trial would start on Monday morning, and we intend to do so. That is how we are going to proceed.

N.T. Trial, 8/23/21, at 3-6.

The jury found Appellant guilty of persons not to possess firearms and, on July 3, 2024, the trial court sentenced Appellant to serve a term of six to 12 years in prison for his conviction. N.T. Sentencing, 7/3/24, at 11. Appellant filed a timely notice of appeal and, on appeal, Appellant raises one claim:

> Did the trial court err in denying trial counsel's request for a continuance where [Appellant] was a patient at Cove Forge Behavioral Health Center, and was largely incoherent, on the day trial was scheduled to begin?

Appellant's Brief at 4.

We have reviewed the briefs of the parties, the relevant law, the certified record, and the opinion of the able trial court judge, the Honorable Thomas B.

Sponaugle. We conclude that Appellant is not entitled to relief in this case, for the reasons expressed in Judge Sponaugle's September 30, 2024 opinion. Therefore, we affirm on the basis of Judge Sponaugle's able opinion and adopt it as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge Sponaugle's September 30, 2024 opinion.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/11/2025